IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN BERRY,

        Plaintiff,               No. CIV S-10-0051 MCE EFB P

     vs.

S.M. SALINAS, et al.,

        Defendants.        <u>ORDER</u>

_____/

      Stephen Berry, an inmate confined at Deuel Vocational Institute, filed this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff's complaint concerns events alleged to have occurred while he was housed at Deuel Vocational Institute.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.      Request to Proceed In Forma Pauperis**

      Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 5, 9.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## II.     Screening Order

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  *Id.* at 1950.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

2

1   42 U.S.C. § 1983.  An individual defendant is not liable on a civil rights claim unless the facts

2   establish the defendant's personal involvement in the constitutional deprivation or a causal

3   connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

4   *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

5   (9th Cir. 1978)

6          The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it

7   does not state a cognizable claim.  Plaintiff names the following defendants: S.M. Salinas

8   (warden); Rackley (chief deputy warden); Bennet (correctional food manager); Chavez (assistant

9   correctional food manager); Haskell (supervising correctional food cook); Buffa (correctional

10  baker II); and Russell (appeals coordinator).  Plaintiff alleges that on May 13, 2009, he was

11  injured while working in the bakery shop as his institution because an industrial high speed

12  mixer was not functioning properly.  Plaintiff alleges that as a result, two of his fingers had to be

13  amputated.  According to plaintiff, the "mixer equipment had previous work orders for not

14  working properly" and "should have been offline to use by bakery staff until fixed . . . ."  Dckt.

15  No. 1 at 5.  Plaintiff claims that defendant Russell, in processing plaintiff's inmate appeals, was

16  arrogant and blamed plaintiff for the accident.  Plaintiff further claims that defendant Buffa did

17  not give plaintiff a copy of his worker's compensation form.  Plaintiff asserts that defendants

18  violated his Eighth Amendment rights, as well as due process rights, by failing to file and

19  process an accident report and by causing plaintiff to lose his right to file a claim with the

20  Worker's Compensation Board.

21         "The Eighth Amendment's prohibition against cruel and unusual punishment protects

22  prisoners not only from inhumane methods of punishment but also from inhumane conditions of

23  confinement."  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme

24  deprivations are required to make out a conditions of confinement claim, and only those

25  deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to

26  form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

1   Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison

2   officials may be held liable only if they acted with "deliberate indifference to a substantial risk of

3   serious harm."  *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *Farmer v. Brennan*, 511

4   U.S. 825, 847 (1994).  Mere negligence is insufficient to establish deliberate indifference since

5   "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's

6   interests or safety.'"  *Farmer*, 511 U.S. at 835 (quoting *Whitley v. Albers*, 475 U.S. 312, 319

7   (1986)).

8          Plaintiff's allegations regarding the faulty mixer in the prison's bakery fall short of

9   stating an Eighth Amendment claim because they do not demonstrate that defendants acted with

10  deliberate indifference to plaintiff's safety needs.  Plaintiff's allegations must be sufficient to

11  support a plausible claim for relief, which requires more than the mere possibility of misconduct.

12  *Iqbal*, 129 S.Ct. at 1949.  Plaintiff's very general and conclusory allegation that "defendants"

13  failed to provide a safe working environment by not fixing the mixer, do not support an Eighth

14  Amendment claim.  Plaintiff does not provide any factual allegations as to which specific

15  defendants knew or should have known that the mixer was not functioning and/or presented an

16  unsafe condition for plaintiff.  Notwithstanding the alleged severity of plaintiff's injury, plaintiff

17  fails to state a cognizable Eighth Amendment claim.  This claim is dismissed with leave to

18  amend.

19         Plaintiff's due process claim is based on "defendants'" alleged failure "to file and process

20  the adequate reports/paperwork to the various agencies and provide plaintiff with copies/proof

21  thereof."  Dckt. No. 1 at 7.  Plaintiff's only specific allegations are that defendant Buffa did not

22  give plaintiff a copy of the worker's compensation form and that defendants Haskell and Bennet

23  stated that a "report" of some sort had been filed, but failed to give plaintiff any copies.  Dckt.

24  No. 1 at 6, 8.  Plaintiff also alleges that as a result of defendants' actions he "lost all rights to file

25  a claim for compensation with workmens comp board . . .and other administrative remedies."  *Id.*

26  at 8.  The court cannot say, based on plaintiff's conclusory allegations, that he has stated a

cognizable due process claim, but will grant plaintiff leave to amend.  If plaintiff chooses to amend this claim, he must include more specific allegations that link individual defendants to specific acts or omissions that led to a purported violation of plaintiff's constitutional rights.

To the extent plaintiff intends to impose liability against defendant Russell based on his handling of plaintiff's administrative appeals, plaintiff fails to state a cognizable due process claim.  Plaintiff may not impose liability on a defendant simply he played a role in processing plaintiff's inmate appeals, as there are no constitutional requirements regarding how a grievance system is operated.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).

Additionally, plaintiff may not sue any supervisor on a theory that the supervisor is liable for the acts of his or her subordinates.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  A supervisor may be held liable in his or her individual capacity "'for his own culpable action or inaction in the training, supervision or control of his subordinates.'"  *Watkins v. City of Oakland, Cal.*, 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991)).  "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

To proceed plaintiff must file an amended complaint.  Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

////

////

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  Unrelated claims against different defendants must be pursued in multiple lawsuits.  "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

1    The allegations must be short and plain, simple and direct and describe the relief plaintiff

2 seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*

3 *County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading,

4 including many defendants with unexplained, tenuous or implausible connection to the alleged

5 constitutional injury or joining a series of unrelated claims against many defendants very likely

6 will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

7 plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

8 these instructions.

9    Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  By signing an amended

10 complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his

11 allegations and that for violation of this rule the court may impose sanctions sufficient to deter

12 repetition by plaintiff or others.  Fed. R. Civ. P. 11.

13    A prisoner may bring no § 1983 action until he has exhausted such administrative

14 remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

15 *v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his

16 claims are warranted by existing law, including the law that he exhaust administrative remedies,

17 and that for violation of this rule plaintiff risks dismissal of his entire action

18    Accordingly, the court hereby orders that:

19    1. Plaintiff's request to proceed in forma pauperis is granted.

20    2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

21 accordance with the notice to the Director of the California Department of Corrections and

22 Rehabilitation filed concurrently herewith.

23    3. The complaint is dismissed with leave to amend within 30 days.  The amended

24 complaint must bear the docket number assigned to this case and be titled "First Amended

25 ////

26 ////

1  Complaint." Failure to comply with this order will result in a recommendation that this action be

2  dismissed. If plaintiff files an amended complaint stating a cognizable claim the court will

3  proceed with service of process by the United States Marshal.

4  Dated:  June 23, 2010.

5

6  EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26